IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 02:02-CV-34-BO(1)

| | |
|---|---|
| JUNE BRYANT-BRUNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THEODIS BECK, *et al*, ) | |
| ) | |
| Defendants. ) | |

On August 8, 2007, Defendants made a Motion to Dismiss and/for Summary Judgment. Docket Report # 51. For the reasons set out below, the Motion for Summary Judgment is GRANTED.

## PROCEDURAL BACKGROUND

On August 2, 2002, Plaintiff June Bryant-Brunch ("Plaintiff") filed a Complaint with multiple allegations against numerous named defendants, all of whom are associated with Eastern Correctional Institution in Maury, North Carolina ("ECI"). Docket Report ("DR")#3. These Defendants include: Roy Cooper, Attorney General of North Carolina; Michael F. Easley, Governor and former Attorney General of North Carolina; Larry Dial, Assistant Superintendent of ECI; Robert Smith, Superintendent of ECI; J. Boyd Bennett, Director of Prison; and Theodis Beck, Secretary of Prison ("Defendants").

1

On August 23, 2002, Defendants made a Motion to Dismiss. DR #12. On February 5, 2007, the court granted Defendant's Motion to Dismiss on all but one claim. DR #25. The remaining claim was for prospective injunctive relief to force the inmate visitation program at ECI to comply with Title II, 42 U.S.C. § 12131-12134 ("Title II").

On August 8, 2007, Defendants made a Motion to Dismiss and/or for Summary Judgment on the remaining claim. . DR # 51. On September 17, 2007, Plaintiff delivered her Affidavit in Opposition to Defendant's Motion for Summary Judgment. DR# 56.

## FACTUAL BACKGROUND

ECI is a correctional institute built in 1982. Title II, which prevents discrimination against the disabled, took effect in 1992. Signs are posted at ECI indicating that staff will assist disabled persons if they request such assistance. ECI enforces this policy, and has specific instructions for staff for the assistance of disabled persons who requested assistance whilst they are visiting inmates as part of the inmate visitation program.

Plaintiff is a disabled amputee, and uses a combination of wheelchairs and walkers for her mobility. On March 30, 2002, Plaintiff was visiting her husband, James Bunch, who was incarcerated at ECI. At approximately 3:40pm, Plaintiff, who was using her wheelchair at the time, attempted to use the bathroom facilities at ECI.

ECI had 2 fully functional handicap accessible bathrooms approximately forty feet from where Plaintiff was sitting. However, Plaintiff chose to use a bathroom that was not handicap accessible, and this bathroom was not held out by ECI or its staff as being handicap accessible. Plaintiff also did not for assistance from the staff per the signs posted. Plaintiff was allegedly

2

injured during her use of the non-handicap accessible bathroom.

## DISCUSSION

### 1. Standard for Summary Judgment

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party must demonstrate the lack of a genuine issue of fact for trial, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. Id. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Cf.* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

"In the end, the non-moving party must do more than present a "scintilla" of evidence in its favor. Rather, the non-moving party must present sufficient evidence such that 'reasonable jurors could find by a preponderance of the evidence' for the non-movant." Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 818 (4th Cir. 1995) (Internal citations and quotations omitted).

Title II is implemented by regulations promulgated by the Attorney General. 42 USCS § 12134 (a). For "existing" facilities (i.e. those existing at the time Title II was passed),

3

"[a] public entity is not required to make structural changes in existing facilities where other methods are effective in achieving compliance with this section." 28 CFR § 35.150. Courts have interpreted the regulation as imposing a standard upon "existing" facilities that is less than full reconstruction: "in the case of older facilities, for which structural change is likely to be more difficult, a public entity may comply with Title II by adopting a variety of less costly measures." Tennessee v. Lane, 541 U.S. 509, 532 (U.S. 2004). "Numerous alternatives are available for the States to consider in determining how to modify existing facilities to accommodate their disabled citizens. Importantly, a State need not undertake what is probably the most expensive enterprise -- structural changes in existing physical facilities -- if other methods effectively make the program or service accessible. Congress specifically found that such other methods of accommodation are less burdensome on public entities than are structural modifications of physical facilities." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 489 (4th Cir. 2005).

### 2. Genuine Issues of Material Fact

In the case at hand, there are no genuine issues of material fact.

Plaintiff has alleged that on March 30, 2002 she was both disabled and that she used a non-handicap equipped bathroom. Defendants do not contest either of these statements. However, Defendants state that ECI was built before the effective date of Title II. Title II became effective January 26, 1992; ECI was constructed in 1982. Defendant's Memorandum of Law in Support of Motion to Dismiss, pp. 10; 4. Because ECI was constructed before the effective date, ECI Title II is governed by 28 CFR §35.150, which has been interpreted as not requiring, and, in

4

fact, encouraging less costly adaptations that comply with Title II. Plaintiff does not dispute these facts.

Defendants also state that the bathroom used by the Plaintiff was not held out as being handicap accessible, and that there was a prominently posted sign indicating that disabled persons should alert staff members to disabilities and staff members would render such assistance. Defendant's Memorandum in Support of Motion to Dismiss, p.3. Plaintiff does not dispute these facts, either.

Defendants also state that ECI has 2 fully functioning handicap accessible toilets forty feet from where Plaintiff was visiting, and, what is more, these toilets were handicap accessible by wheelchair. Defendant's Memorandum in Support of Motion to Dismiss, pp.3-4. ECI staff were also specifically instructed to both permit and assist persons who requested bathroom access, and also to assist disabled persons in returning to the visitation room after a bathroom visit. Id, p.4. These facts, too, are uncontested by the Plaintiff.

Although Plaintiff states that there are issues of material fact in her affidavit, Plaintiff does not contradict any of the above stated facts but merely reiterates her claims and makes conclusory allegations. Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment. Plaintiff's Affidavit merely rehashes her original complaint.

Defendants have demonstrated a lack of a genuine issue of material fact, and Plaintiff has failed to "go beyond the pleadings" and come forward with evidence of a genuine factual dispute besides her already stated conclusions. The Plaintiff has not presented sufficient evidence such that reasonable jury could find by a preponderance of the evidence for the non-movant.

The uncontested facts indicate that at all times Defendants complied with Title II. As an

5

existing facility, Defendants were not required to institute structural changes, but to make reasonable accommodations, and did so. Defendants never held out the bathroom Plaintiff used as being handicap accessible, and, indeed had a readily accessible handicap bathroom no more than forty feet away. Defendants also had postings indicating the available assistance of personnel to anyone who request handicap assistance, and had a specific policy to assist anyone in Plaintiff's particular position. The handicap accessible bathrooms were at all times fully functional. Plaintiff does not contradict any of these facts.

Taking all facts and inferences as favorable to the non-moving party, the court finds that no reasonable jury could find by a preponderance of the evidence for the Plaintiff. Therefore, Defendants Motion for Summary Judgment is granted.

## CONCLUSION

Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED.

This _24_ day of September, 2007.

TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE

6